1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                      SOUTHERN DISTRICT OF CALIFORNIA

10

11   AGNES GEORGES                        Case No.:   21cv2095-LAB (WVG)

12                        Plaintiff,
                                          **ORDER:**
13   v.                                       **1) GRANTING MOTION TO
                                                 PROCEED IN FORMA**
14   FELIX PHILLIP                               **PAUPERIS (DKT. 2);**
                                              **2) DENYING APPOINTMENT OF**
15                        Defendant.             **COUNSEL (DKT. 3); AND**

16                                            **3) DISMISSING COMPLAINT**
                                                 **(DKT. 1)**
17

18

19         Plaintiff Agnes Georges, proceeding *pro se*, filed her Complaint against

20   Defendant Felix Phillip on December 16, 2021. (Dkt. 1). She attempts to bring a

21   Fourteenth Amendment claim against Phillip, a Drug Enforcement Administration

22   ("DEA") agent, because he allegedly stole her ID in 2008. The circumstances

23   underlying her constitutional claim are unclear, and the relief she seeks is either

24   incomprehensible or impermissible.

25         Georges did not pay the statutory and administrative civil filing fees required

26   by 28 U.S.C. § 1914(a). Instead, Georges seeks leave to proceed *in forma*

27   *pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (Dkt. 2). She also requests that

28   the Court appoint her an attorney because she can't afford one. (Dkt. 3). For the

                                          1

following reasons, the Court **GRANTS** her IFP motion, **DENIES** her request for the appointment of counsel, and **DISMISSES** her complaint without prejudice.

### I.      Plaintiff's Motion to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except for an application for writ of habeas corpus, must pay a filing fee of $400.[1] See 28 U.S.C. § 1914(a). But a litigant who, because of indigency, is unable to pay the required fees or security may petition the Court to proceed without making such payment. 28 U.S.C. § 1915(a). The facts of an affidavit of poverty must be stated with some particularity, definiteness, and certainty. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1984)).

The determination of indigency falls within the district court's discretion. *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd*, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). It is well-settled that a party need not be completely destitute to proceed in forma pauperis. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

1  who is financially able, in whole or in material part, to pull his own oar." *Temple v.*

2  *Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). Courts tend to reject IFP motions

3  where the applicant can pay the filing fee with acceptable sacrifice to other

4  expenses. *See, e.g.*, *Allen v. Kelly*, 1995 WL 396860 at *3–4 (N.D. Cal. 1995)

5  (granting plaintiff IFP status but later requiring plaintiff to pay $120 filing fee out of

6  $900 settlement proceeds); *Ali v. Cuyler*, 547 F. Supp. 129, 130 (E.D. Pa. 1982)

7  (denying IFP application where "plaintiff possessed savings of $450 and the

8  magistrate correctly determined that this amount was more than sufficient to allow

9  the plaintiff to pay the filing fee in this action").

10      Having read and considered the papers submitted, the Court finds that

11  Georges meets the requirements for IFP status under 28 U.S.C. § 1915. Her IFP

12  motion is in the form of a standard questionnaire, which indicates that she is

13  unemployed, has no ascertainable assets,[2] and has no direct source of income

14  other than $850 in monthly disability payments. (Dkt. 2). She states that she has

15  expenses related to doctors' visits, medicine, and exams, and that she additionally

16  pays her son's rent. (*Id.* at 5). It is clear that Georges has only modest assets and

17  no disposable income that she could use to pay the filing fee. The Court therefore

18  concludes that she is unable to pay the filing fee and **GRANTS** her IFP motion.

19  **II.   Motion for Appointment of Counsel**

20      "[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resol.*

21  *Tr. Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994). Thus, federal courts do not have the

22  authority "to make coercive appointments of counsel." *Mallard v. U.S. Dist. Ct. for*

23  *S. Dist. of Iowa*, 490 U.S. 296, 309 (1989); *see also United States v. $292,888.04*

24  *in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). Districts courts have discretion,

25  however, pursuant to 28 U.S.C. § 1915(e)(1) to "request" that an attorney

26

27

28  [2] Georges vaguely states that she has "assets in Haiti not United State[s]," but she fails to elaborate any further about the nature of these assets. (Dkt. 2 at 3).

21cv2095

1   represent indigent civil litigants upon a showing of "exceptional circumstances."
2   *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir.
3   2004); *accord Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). "A finding of
4   the exceptional circumstances of the plaintiff seeking assistance requires at least
5   an evaluation of the likelihood of the plaintiff's success on the merits and an
6   evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity
7   of the legal issues involved.'"  *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v.*
8   *Escaldero*n, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935
9   F.2d 1015, 1017 (9th Cir. 1991).
10        Here, Plaintiff seeks an appointment of counsel because she is unemployed
11   and has no income other than $850 per month, yet her expenses total nearly
12   $1000. (Dkt. 3 ¶¶ 10–12). Thus, she reports that she is unable to afford counsel.
13   (*Id*. at 2–3). However, the circumstances described fail to demonstrate
14   "exceptional circumstances" warranting the appointment of counsel, particularly in
15   light of Georges's pleading failures described in the subsequent section. *See*
16   *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2004). Therefore, the Court **DENIES**
17   **WITHOUT PREJUDICE** George's motion for appointment of counsel. (Dkt. 3).
18   **III.    Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)**
19        Any complaint filed by a person proceeding IFP is subject to sua sponte
20   dismissal by the Court to the extent it contains claims which are "frivolous,
21   malicious, fail to state a claim upon which relief may be granted, or seek monetary
22   relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B);
23   *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the
24   provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *Lopez v.*
25   *Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only
26   permits, but requires a district court to dismiss an in forma pauperis complaint that
27   fails to state a claim.").
28        All complaints must contain "a short and plain statement of the claim showing

1    that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual

2    allegations are not required, but "[t]hreadbare recitals of the elements of a cause

3    of action, supported by mere conclusory statements, do not suffice." *Ashcroft v.*

4    *Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S.

5    544, 555 (2007)). "When there are well-pleaded factual allegations, a court should

6    assume their veracity, and then determine whether they plausibly give rise to an

7    entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Barren v. Harrington*, 152

8    F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language

9    of Federal Rule of Civil Procedure 12(b)(6)"). However, while the court has an

10   "obligation . . . where the petitioner is pro se, particularly in civil rights cases, to

11   construe the pleadings liberally and to afford the petitioner the benefit of any

12   doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*,

13   773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)), it may not, in so doing, "supply

14   essential elements of the claim that were not initially pled." *Ivey v. Board of*

15   *Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

16          The Court finds that Georges's Complaint plainly fails to articulate a

17   cognizable basis for granting the relief that she requests and/or seeks

18   impermissible forms of relief. The Complaint doesn't delineate her different causes

19   of action—to the extent there are any—but instead makes a mere mention of the

20   Fourteenth Amendment without any further discussion of the exact nature of her

21   claim. The only wrongdoing that can be ascertained by the Court is the alleged

22   deprivation of Georges's ID in 2008, though it is unclear why or how it was taken

23   from her, how long she was deprived of it, under what circumstances it was taken

24   from her, and whether and how this caused her injury. Although the Complaint

25   alludes to the Fourteenth Amendment, it does not clearly identify specifically what

26   facts exist to support the elements of her claim or the basis for her suit against

27   Phillip. Moreover, the relief she requests is either incomprehensible, or

28   impermissible, such as her requests that the Court "revise [her] new passport" or

1    that she be informed "how someone can use his powerful [sic] to do all of these

2    crime[s] on a victim without a court order." (Dkt. 1 at 3).

3         "[O]ne cannot determine from the complaint who is being sued, for what

4    relief, and on what theory, with enough detail to guide discovery*." See McHenry v.*

5    *Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). As a result, George's Complaint falls

6    short of providing the short and plain statement required by Rule 8, fails to state a

7    claim for relief, and must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

8    **IV.    CONCLUSION AND ORDER**

9         Good cause appearing, **IT IS HEREBY ORDERED** that:

10        1.    Plaintiff's Motion to Proceed IFP (Dkt. 2) is **GRANTED**. However, if

11   Plaintiff ultimately succeeds in this case, whether at trial or through a settlement,

12   Plaintiff shall be required to pay the costs of this litigation.

13        2.    Plaintiff's request for the appointment of counsel (Dkt. 3) is **DENIED**

14   without prejudice.

15        3.    Plaintiff's Complaint (Dkt. 1) is **DISMISSED** without prejudice for failing

16   to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(b). However, Plaintiff is

17   **GRANTED** forty-five (45) days leave from the date of this Order in which to file an

18   Amended Complaint which cures the deficiencies of pleading identified herein.

19   Plaintiff's Amended Complaint must be complete in itself without reference to her

20   original pleading. *See* CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner &*

21   *Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading

22   supersedes the original."); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)

23   (citation omitted) ("All causes of action alleged in an original complaint which are

24   not alleged in an amended complaint are waived.").

25        **IT IS SO ORDERED**.

26   Dated:  December 29, 2021

27                                              Honorable Larry Alan Burns
                                               United States District Judge
28

21cv2095