UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGNES GEORGES, et al, <br><br>　　　　　　　Plaintiffs, <br><br>v. <br><br>FELIX PHILLIP, et al, <br><br>　　　　　　　Defendants. | Case No.:  21cv2095-LAB (WVG) <br><br>**ORDER:** <br><br>**1) DENYING AS MOOT IFP MOTION (Dkt. 8);** <br><br>**2) DENYING APPOINTMENT OF COUNSEL (Dkt. 9); AND** <br><br>**3) DISMISSING AMENDED COMPLAINT (Dkt. 7)** |

　　　　Plaintiff Agnes Georges ("Georges"), proceeding *pro se*, has filed an Amended Complaint—this time against Defendants Joshua Magistrate Chief 911, K9, Felix Phillip, Larry Rothmer Law Firm Company, Gov Tower, Prince William, Woodbridge VA, Eastern District Dept Curtis Drive VA, Columbia District DC - Pentagon, and Comcast Business AT&T Internet. (Dkt. 7). Her Amended Complaint was previously filed improperly as a new matter in connection with Case No. 3:22-cv-00026-LAB-WVG, rather than as an amended complaint in the above-captioned case. Per the Court's instructions, the Clerk of Court has since terminated Case No. 3:22-cv-00026-LAB-WVG and transferred all docket entries

in Case No. 3:22-cv-00026-LAB-WVG to Case No. 21-cv-02095-LAB-WVG.

Georges now reapplies for *in forma pauperis* ("IFP") status and requests once more that the Court appoint her an attorney because she can't afford one. But the Court already granted her IFP status in this case, (*see* Dkt. 6), so her motion is **DENIED AS MOOT**, (Dkt. 8). As for her request that the Court appoint her an attorney, the Court already denied her this request based on similar—if not identical—circumstances. (*See* Dkt. 3, 6). She seeks an appointment of counsel because she is unemployed and has no income other than $850 per month, yet her expenses total nearly $1000. (Dkt. 9 ¶¶ 10–12). But as the Court already found, Georges doesn't allege any "exceptional circumstances" that would warrant the appointment of counsel here, particularly in light of her continued failure to correct the pleading deficiencies identified in the Court's December 29, 2021 Order. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2004); *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting *Wilborn v. Escaldero*n, 789 F.2d 1328, 1331 (9th Cir. 1986)) ("A finding of the exceptional circumstances . . . requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'"). Therefore, the Court **DENIES** her motion for appointment of counsel. (Dkt. 9).

Finally, the Court previously screened and dismissed Georges's original Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(b) for failing to articulate a cognizable basis for granting the relief that she requested and because she sought impermissible forms of relief. (Dkt. 6). Like her original Complaint, her Amended Complaint makes various vague and incomprehensible allegations, and the Court is unable to ascertain any valid legal claim that would support a request for relief. For instance, Georges strings together seemingly unrelated terms and phrases but provides no indication that they are related to any cognizable claim. (*See* Dkt. 7 at 2 ("Raped, paternity, unemployment, tax return SS# benefits, medical

malpractice, wrong medicine, another maltreatment, sexual harassment, naked body exposed, long lasting case, retaliation, even doctors involve [*sic*], death penalty . . .")). The rest of her Amended Complaint fares no better.

While the court has an "obligation . . . where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)), it may not, in so doing, "supply essential elements of the claim that were not initially pled," *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Here, the Court can't make out what claim Georges is attempting to allege, let alone determine whether she's properly satisfied the elements of that claim, and thus her Amended Complaint must be dismissed. *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (finding dismissal appropriate where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

Because Georges again fails to state a claim upon which relief may be granted, and because any further amendment would be clearly futile, the Court **DISMISSES** the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(b) **WITHOUT LEAVE TO AMEND** and **WITH PREJUDICE**. *See Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing futility of amendment as a proper basis for dismissal without leave to amend); *Carrico v. City & Cnty. Of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2001). The Clerk of Court is directed to enter judgment accordingly and terminate this case.

**IT IS SO ORDERED**.

Dated:  August 17, 2022

Honorable Larry Alan Burns
United States District Judge